**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY )<br><br>  Plaintiff, )<br><br> vs. )<br><br> LYNN STUART )<br><br>  Serve at:<br>  **16758 Kingstown Estates Dr.**<br>  **Wildwood, MO 63011** )<br><br>  Defendant. ) | Cause No.: _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Allied Property and Casualty Insurance Company, ("Allied"), for its Complaint for Declaratory Judgment against Defendant Lynn Stuart under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, states:

**PARTIES, JURISDICTION, AND VENUE**

1. Allied is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa, and authorized to do business in the State of Missouri.

2. Defendant Lynn Stuart was at all times relevant herein a resident and citizen of the State of Missouri for purposes of diversity jurisdiction.

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. §§ 2201-2202 since Allied Insurance Company seeks a determination of its rights and obligations under a policy of

insurance which Defendant has claimed underinsured motorist coverage. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Allied and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs as the underinsured motorist policy limit of Defendant's policy with Allied is $100,000, and on April 20, 2016 defendant through counsel demanded the policy limits of $100,000.

      4.      Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to the claim occurred in Chesterfield, Missouri, within this judicial district.

### GENERAL ALLEGATIONS

      5.      Allied brings this action seeking the interpretation of a policy of insurance issued in Missouri to Defendant and a declaration of its rights and obligations to Defendant thereunder.

      6.      Allied issued Defendant a policy of insurance, Policy Number, PPBM0020064010 ("the Policy"), with effective dates of May 27, 2011 to November 27, 2011. A copy of the Policy is attached hereto as <u>Exhibit A</u> and incorporated by referenced as if fully set forth herein.

      7.      Subject to certain provisions, conditions, and exclusions, the Policy provides underinsured motorist coverage to Defendant as a named insured under the Policy.

      8.      The Policy contains the following relevant provisions:

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**UNDERINSURED MOTORISTS COVERAGE – MISSOURI**

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

## I.      UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

    A.    We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":
1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership maintenance or use of the "underinsured motor vehicle".

\*\*\*

    C.    "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

\*\*\*

9. This case arises out of a claim made by Lynn Stuart ("Claimant") for underinsured motorist coverage pursuant to the Policy as a result of injuries Claimant allegedly sustained in an automobile accident occurring on June 10, 2011 in Chesterfield, Missouri.

10. Claimant alleges that the other driver involved in the accident, Theodore Federer, is at fault.

11. Claimant has recovered the policy limit of the applicable insurance policy for Mr. Federer. The limit of liability of this policy is $250,000.

12. Claimant alleges that her injuries exceed $250,000 and she is therefore entitled to UIM coverage pursuant to the policy.

13. The Policy's limit of liability for underinsured motorist coverage is $100,000 and is less than the limit of liability for Mr. Federer's policy.

14. Allied seeks a declaration that it owes no Coverage to Defendant for the arbitration award based on the Policy's notice provisions.

## **G**ROUNDS FOR **D**ECLARATORY **R**ELIEF

15. Allied incorporates by reference and re-alleges Paragraphs 1 through 14 of this Complaint as though fully stated herein.

16. An actual case or controversy of a justiciable nature exists between Allied and Defendant concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

17. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

18. All necessary and proper parties are before the Court with respect to the matters in controversy.

19. Allied has no adequate remedy at law.

20. Subject to the Policy's terms, the Policy provides underinsured motorist coverage for compensatory damages which an "insured" is entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury".

21. The Policy defines an "underinsured motor vehicle" as a "land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident, *but its limit for bodily injury is less than the limit of liability for this coverage*." Exhibit A. (emphasis added).

22. The limit of liability for Mr. Federer's vehicle is $250,000, which is not less than the $100,000 limit of liability of underinsured motorist coverage under the policy.

23. Accordingly, the vehicle that Claimant alleges is at fault for the accident is not an underinsured motor vehicle under the Policy.

24. Therefore, Claimant is not entitled to underinsured motorist coverage under the Policy.

25. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Allied and Defendant under the Policy.

WHEREFORE, Plaintiff Allied Insurance Company respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to Defendant Lynn Stuart, and to enter judgment in favor of Allied, adjudging and declaring:

A. That Defendant is not entitled to Coverage under the Allied' Policy because the tortfeasor's vehicle does not qualify as an underinsured motor vehicle under the policy because the limit of liability applicable to the tortfeasor's vehicle are not less than the Policy's limit of liability for underinsured motorist coverage;

B. That Allied is entitled to such other and further relief as the Court deems just and proper under the circumstances.

Allied demands trial by jury on all counts.

Respectfully Submitted

BROWN & JAMES, P.C.

/s/  Russell F. Watters
Russell F. Watters, #MO25758
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400 - Telephone
314-421-3128 – FAX
rwatters@bjpc.com
*Attorneys for Plaintiffs*

12989103